27606. Pendley v. The State.

Guerry, J. 1. It is not cause for a new trial in an assault with intent to murder case that the prosecutor, before the trial, had talked to two persons who were afterwards drawn on the jury which tried the issues, and had shown to them the wound which had been inflicted on him, and on being asked "What was their motive, robbery?" had replied "Yes, I reckon so, I reckon they meant to rob me, but when the boys came out there they ran." This being a felony case, it is presumed the voir dire questions were propounded to the jurors put upon the defendant, or

that the questions were waived. "A juror who answers all the statutory questions so as to qualify is prima facie competent, and if defendant object afterwards to his competency he must try him and prove him incompetent." *Dumas* v. *State*, 63 *Ga.* 601 (3). The same rule is applicable after verdict has been rendered and the judge hears the testimony as to the competency of the juror; and in the absence of an abuse of his discretion his finding will not be disturbed. The evidence in this case fails to show such conduct by the prosecutor as would disqualify the jurors attacked from serving in the case.

2. The evidence supported the verdict, and it was not error to overrule the motion for new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*

DECIDED JUNE 8, 1939.

*Alton G. Liles, John S. Wood,* for plaintiff in error.
*H. G. Vandiviere, solicitor-general,* contra.